IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL A. ROSBERG, JOHN DOE, and JANE DOE, | |
| Plaintiffs, | 8:22CV384 |
| vs. | MEMORANDUM AND ORDER |
| MARK JOHNSON, Chancery Court Judge for the District of Nebraska; and ROBERT EVNEN, Secretary of State of Nebraska; | |
| Defendants. | |

Plaintiff Paul A. Rosberg filed a Complaint on November 8, 2022. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Nebraska Secretary of State Robert Evnen ("Evnen") and Judge Mark Johnson ("Judge Johnson"), a district court judge in Nebraska's Seventh Judicial District which includes Knox County,[1] seeking a declaratory judgment that Judge Johnson, "who previously took an oath to uphold the U.S. Constitution, engaged [in] insurrection or rebellion with his treasonous acts" and Evnen should not have placed Judge Johnson's "name on the ballot, when he does not qualify to be retained as a Chancery District Court Judge, according to the laws of the United States." Filing No. 1 at 1–2.

---

[1] The Court takes judicial notice that Judge Johnson is a current judge in the Seventh Judicial District. See https://supremecourt.nebraska.gov/directories/district-court-judges; see also Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Plaintiff alleges he has filed "a number of cases in the Knox County District Court of common law," and Judge Johnson repeatedly "acts under color of law committing treason and violating [Judge Johnson's] oath of office by preventing [Plaintiff's] cases from being in a common law court and unlawfully dismissing [Plaintiff's] cases and has many times ruled in favor of himself when he was one of the defendants [Plaintiff] was suing." *Id.* at 3. Plaintiff further takes issue with Judge Johnson's ruling in one of his state cases in which Judge Johnson characterized Plaintiff as a "vexatious litigant" and sanctioned Plaintiff "to not file any lawsuit in any court in Nebraska unless represented by counsel or without leave of court, for a period of three years." *Id.* at 4. Plaintiff also appears to allege that Judge Johnson has wrongfully denied Plaintiff his right to a jury trial under the Seventh Amendment in several cases. *See Id.* at 3–4.

Plaintiff requests the Court grant him a hearing to allow Plaintiff to "show this Court why Johnson's name should not have been placed on the ballot and that [Plaintiff] should be allowed to have his cases heard as provided by law." *Id.* at 5. Plaintiff further "requests that Johnson not be allowed to be any kind of judge as provided by Section 3 of the 14th Amendment." *Id.* at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

2

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

As an initial matter, Plaintiff listed "John Doe" and "Jane Doe" as plaintiffs in the caption of his Complaint. Filing No. 1 at 1. However, to the extent Plaintiff is attempting to litigate his claims on behalf of others, he may not do so. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Federal courts allow an individual to proceed pro se under § 1654, but a nonlawyer cannot represent others. See, e.g., Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005) ("a non-attorney . . . may not engage in the practice of law on behalf of others") (citations omitted); Georgakis v.

*Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself." (referencing 28 U.S.C. § 1654)).

Turning to the substance of the Complaint, Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201. Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "[T]he federal Declaratory Judgment Act . . . is a procedural statute, not a jurisdictional statute," so a federal court must have an independent basis for federal jurisdiction, such as diversity or federal-question jurisdiction. *McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank*, 11 F.4th 702 n. 2 (8th Cir. 2021) (quoting *Missouri ex rel. Mo. Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997)).

Here, Plaintiff premises his claim on § 3 of the Fourteenth Amendment, which provides:

> No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

U.S. Const. amend. XIV, § 3. However, the Complaint does not allege any facts that provide a plausible basis for relief under this provision.

Despite Plaintiff's conclusory allegations to the contrary, the Complaint's factual allegations in no way suggest that Judge Johnson "engaged in insurrection or rebellion"

4

or committed treason against the United States within the meaning of the Constitution. *See* U.S. Const. art. III, § 3 ("Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort."). Rather, Plaintiff accuses Judge Johnson of nothing more than failing to follow the law in ruling against Plaintiff in his various state court cases. Such conduct does not constitute treason, insurrection, or rebellion. In any case, § 3 of the Fourteenth Amendment does not provide any private right of action to Plaintiff, and his claim fails. *Secor v. Oklahoma*, No. 16-CV-85-JED-PJC, 2016 WL 6156316, at *4 (N.D. Okla. Oct. 21, 2016).

## IV. CONCLUSION

Plaintiff's allegations fail to state a plausible claim for declaratory relief against Judge Johnson and Evnen based on § 3 of the Fourteenth Amendment to the United States Constitution, and the Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). The Court finds that further amendment would be futile and will dismiss the Complaint with prejudice.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice for failure to state a claim upon which relief may be granted.

2. A separate judgment will be entered.

Dated this 23rd day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge