IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL A. ROSBERG, JOHN DOE, and JANE DOE,<br><br>          Plaintiffs,<br><br>vs.<br><br>MARK JOHNSON, Chancery Court Judge for the District of Nebraska; and ROBERT EVNEN, Secretary of State of Nebraska;<br><br>          Defendants. | **8:22CV384**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff's Motion for Reconsideration. Filing No. 8. Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making the motion, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1] *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

      Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

      Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion was timely filed on June 6, 2023.

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances."  Buck v. Davis, 137 S. Ct. 759, 777–78 (2017) (quoting Gonzalez v. Crosby, 545 U.S. 524 (2005)).

Here, Plaintiff asks the court to reconsider its Memorandum and Order and Judgment, Filing No. 6; Filing No. 7, entered on May 23, 2023, dismissing Plaintiff's Complaint, Filing No. 1, with prejudice because Plaintiff "clearly without question, set forth the facts that showed how [Defendant] Johnson commits treason and how he acted under color of law by preventing the Plaintiff from exercising the 7th Amendment and other constitutional rights" and the Court erred in concluding that Plaintiff's Complaint failed to state a claim for declaratory relief against Defendants Johnson and Evnen under the Fourteenth Amendment to the United States Constitution.  Filing No. 8 at 1, 3.  Plaintiff essentially asks the Court to reexamine the Complaint's allegations and reach a different conclusion.  However, the Court considered the Complaint's allegations upon initial review and is unconvinced that reconsideration of those same allegations will lead the Court to a different conclusion.

Accordingly, upon consideration of Plaintiff's motion, the Court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise

obtaining any relief from the Court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the Court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration, Filing No. 8, is denied.

Dated this 2nd day of November, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge